UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEMINOLE COUNTY TAX
COLLECTOR,

        Plaintiff,

v.                                          Case No: 6:18-cv-1933-Orl-40DCI

DOMO, INC.,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court without oral argument on the following:

1. Defendant's Motion to Dismiss/Stay Litigation and Compel Arbitration (Doc. 4 (the "**Arbitration Motion**")) and responsive filings (Docs. 19, 21);

2. Magistrate Judge Daniel C. Irick's Report & Recommendation (Doc. 22 (the "**Report**"));

3. Plaintiff's Objection to the Report (Doc. 25); and

4. Defendant's Response to Plaintiff's Objection (Doc. 27).

With briefing complete, the matter is ripe. Upon consideration, the Arbitration Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff, Joel M. Greenberg, Seminole County Tax Collector ("**SCTC**"), brings this action against Defendant, DOMO, Inc., alleging breach of contract, fraud, and related claims. (Doc. 1-1). Plaintiff alleges Defendant contracted to provide services to SCTC that

it could not provide and has so far failed to perform despite being paid $137,156.25. (*Id.* at p. 6).

Defendant now moves to compel arbitration, citing a contractual "Service Order" signed by Plaintiff. (Doc. 4, p. 2). The Service Order—a two-page document outlining the terms of the parties' agreement—provides, in part:

> Unless the parties have entered into a separately signed services agreement that governs Service Orders between the parties, this Service Order is subject to the Domo Service Agreement located at http://www.domo.com/service-terms.

(Doc. 1-1, p. 12). The referenced Domo Service Agreement contains an arbitration clause:

> Any action arising out of or in connection with this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, will be determined by binding arbitration in Salt Lake County, Utah, U.S.A. by one arbitrator. The arbitration will be administered by the AAA pursuant to its Comprehensive Arbitration Rules and Procedure. Judgment upon the award rendered by an arbitrator may be entered in any court of competent jurisdiction.

(Doc. 4-2). Plaintiff maintains that this case should not be sent to arbitration. Principally, Plaintiff advances three arguments opposing Defendant's Arbitration Motion: (i) Plaintiff is not bound by the Service Agreement because it was not incorporated by reference into the Service Order under Florida law (Doc. 19, pp. 2–8); (ii) Domo's Service Order is void for violating the Florida Constitution (*Id.* at pp. 9–14); and (iii) the arbitration clause is unconscionable (*Id.* at pp. 14–18). In response, Defendant contends that Utah (rather than Florida) law applies, and that this case should be sent to arbitration. (Doc. 21).

On referral, Judge Irick found that Florida law governs questions of contract formation and interpretation and, applying Florida contract law, the Service Order properly incorporated by reference the Service Agreement's arbitration clause and delegation

provision. (Doc. 22, pp. 10–16). Acknowledging the parties "clearly and unmistakably evince[d an] . . . intent to arbitrate all gateway issues," Judge Irick recommends this case be submitted to arbitration as provided under the parties' agreement. (*Id.* at pp. 17–18 (quoting *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267 (11th Cir. 2017))). Because the parties agreed to submit essentially all disputes to arbitration, Judge Irick left Plaintiff's remaining objections—that the agreement is unconscionable and void under the Florida Constitution—for the arbitrator to decide. (*Id.* at p. 18).

Plaintiff objects to the Report. (Doc. 25). Plaintiff raises three arguments in its objection: (i) the contract between the parties did not sufficiently incorporate the arbitration clause found in the Service Agreement; (ii) the arbitration clause did not contain a delegation clause; and (iii) Judge Irick purportedly ignored Count V, which seeks equitable relief that this Court can provide under the arbitration clause. (*Id.*). Defendant opposed Plaintiff's objections. (Doc. 27).

## II. STANDARD OF REVIEW

When a magistrate judge has been designated to decide a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review by filing objections to those specific portions of the decision with which the party disagrees. Fed. R. Civ. P. 72(b)(2). The district judge must then make a *de novo* determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512

3

(11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

The Court addresses Plaintiff's objections to the Report—none of which succeed—in turn.

As a preliminary matter, the Court finds that Plaintiff raises new argument in its objection to the Report—that the Service Agreement is an ineffectual "browsewrap agreement." (Doc. 25, pp. 1–3). Apart from being wrong, this argument is improper, as it "was not first presented to the magistrate judge." *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court will address the argument anyway for the sake of completeness.

Plaintiff's first claim of error is that the Report mistakenly found that the Service Agreement was incorporated by reference into the parties' contract. (Doc. 25, pp. 1–4). In support, Plaintiff cites *Affinity Internet, Inc. v. Consolidated Credit Counseling Services, Inc.*, 920 So. 2d 1286 (Fla. 4th DCA 2014) and *Viacost.com, Inc. v. McCants*, 210 So. 3d 761 (Fla. 4th DCA 2017)[1] favorably.

---

[1] Because *Viacost.com* dealt with contract terms arguably adopted through a browsewrap agreement, this case can be dispensed with in a footnote. Unlike the instant case, the browsewrap agreement in *Viacost.com* was purportedly adopted when an internet purchaser bought vitamins on a website and the terms and conditions could only be accessed through an inconspicuous hyperlink located at the bottom of the webpage. 210 So. 3d at 762–62. Those facts are entirely distinguishable from the instant case, thus *Viacost.com* carries no weight.

4

The Court rejects Plaintiff's invitation to follow *Affinity* and *Viacost.com*. First, the Service Order, which incorporated the arbitration provision, was a relatively short document, with only three paragraphs of terms listed on a two-page document. (Doc. 4-1).[2] The *Affinity* court gave only a passing description of the underlying contract and did not reflect that the contract at issue there was as terse as the Service Order. More fundamentally, the *Affinity* court noted that "the intent of the parties is determinative" and, on the facts present there, the contract language did not evince the parties' intent to incorporate the arbitration clause. *Affinity*, 920 So. 2d at 1288. Here, the Service Order demonstrates a clear intent to be bound by the Service Agreement. The Service Order contained only *three* paragraphs of terms, one of which unequivocally states the "Service Order is subject to the Domo Service Agreement" located at a hyperlink that was underlined and emphasized in blue font. (Doc. 4-1, p. 2). The Court is unpersuaded by Plaintiff's arguments that the Service Order does not reflect an intent to be bound by the Service Agreement and that the "subject to" language was equivocal.

Second, Plaintiff argues that the Service Agreement does not contain a delegation clause. (Doc. 25, pp. 5–9). The text of the arbitration agreement bears repeating: "Any action arising out of or in connection with this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, will be determined by binding arbitration[.]"

---

Even if the Service Agreement were somehow interpreted as a browsewrap agreement, it would be enforceable under the standard articulated in *Viacost.com*, which conditioned enforcement on "the hyperlink to the terms and conditions [being] conspicuous enough to place the user on inquiry notice." *Id.* at 765.

[2] Saying the Service Order is two pages is almost overstated, as page two is devoted solely to signatures. (*Id.*).

(Doc. 4-2, § 14.12). The Service Agreement further defined "Agreement" as "the Domo Services Agreement and any Service Orders you enter into with [Domo]." (*Id.* § 1.2).

Regardless of whether Plaintiff did or did not concede that the arbitration clause included a delegation provision,[3] Plaintiff now maintains the "arbitration provision does not expressly delegate the issue of arbitrability to the arbitrator; instead, it merely [provides that] disputes about the contract's 'breach, termination, enforcement, interpretation, or validity' are to be arbitrated." (Doc. 25, p. 5).

Judge Irick correctly laid out the framework for assessing delegation clauses:

> Among other things, the parties may agree to arbitrate gateway questions of arbitrability[,] including the enforceability, scope, applicability, and interpretation of the arbitration agreement. An antecedent agreement of this kind is typically referred to as a delegation provision. Where an arbitration agreement contains a delegation provision—committing to the arbitrator the threshold determination of whether the agreement is enforceable—the courts only retain jurisdiction to review that specific provision.

(Doc. 22, p. 17 (quotation marks and citations omitted)). The arbitration clause's prescription that any dispute in connection with the "Agreement or the breach, termination, enforcement, interpretation, or validity thereof, will be determined by" is clearly and unmistakably a delegation provision. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1245–47 (11th Cir. 2014).[4] Thus, Plaintiff's second objection is due to be overruled.

---

[3] Plaintiff did so concede. Specifically, Plaintiff "acknowledge[d] challenges to the contract as a whole, and not specifically the arbitration agreement[,] are to be decided by the arbitrator . . . ." (Doc. 19, p. 13).

[4] Oddly, Plaintiff complains about Judge Irick's handling of the delegation clause issue, stating: "Defendant does not seek to enforce a delegation clause; only the Magistrate Judge does." (Doc. 25, p. 6). This unhelpful admonition is belied by Defendant's Motion to *Compel Arbitration* and the argument (expressed in Defendant's Reply brief) that Plaintiff's objections should be submitted to arbitration. (*See* Doc. 4; Doc. 21, p. 7).

Finally, Plaintiff claims that Count V, which seeks a declaratory judgment, is not subject to arbitration because of the arbitration clause carve-out, which states:

> This section does not prohibit either party from applying to a court of competent jurisdiction for a temporary restraining order, preliminary injunction, or other equitable relief *to preserve the status quo or prevent irreparable harm*, or to any action by [Domo] to collect amounts not paid to us when due.

(Doc. 4-2, § 14.12 (emphasis added)). This argument fails for two reasons: (i) Plaintiff failed to "present[ it] to the magistrate judge," see *Williams*, 557 F.3d 1292; and (ii) Count V does not seek equitable relief "to preserve the status quo or prevent irreparable harm," rather it seeks an ultimate determination that the contract between the parties is void. These matters are appropriately dealt with at arbitration, not here.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Daniel C. Irick's Report & Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Objections to the Report (Doc. 25) are **OVERRULED**.

3. Defendant's Motion to Dismiss/Stay Litigation and Compel Arbitration (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**.

    a. The parties shall proceed to arbitration in accordance with the terms of their arbitration agreement.

    b. The proceedings are hereby **STAYED** and the Clerk of the Court is **DIRECTED** to administratively close the file. The Court retains jurisdiction of the case to adjudicate any post-arbitration motions the parties may make.

c. The parties are further **DIRECTED** to file a report with the Court regarding the status of arbitration ninety (90) days from the date of this Order, and every 90 days thereafter, until the conclusion of the arbitration proceedings. The parties shall notify the Court of the conclusion of arbitration as soon as practicable.

d. In all other respects, the motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 23, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties